UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| XIANGYUAN ZHU,             )<br>                            )<br>          Plaintiff,        )<br>                            )<br>     v.                     )<br>                            )<br>THE UNITED STATES OF AMERICA, )<br>*et al.*,                   )<br>                            )<br>          Defendants.       )<br>                            ) | Civil Action No. 04-1216 (RMC) |

## MEMORANDUM OPINION

Pending before the Court are Plaintiff's Amended Motion for Leave to File Second Amended Complaint ("Motion to Amend") and Plaintiff's Amended Memorandum in Support of Motion to Alter or Amend the Memorandum Opinion and Order ("Amended Motion for Reconsideration"), which are opposed by the United States.[1] In a Memorandum Opinion and Order issued on June 9, 2005, this Court dismissed Plaintiff's Amended Complaint, finding that the Court lacked subject matter jurisdiction over the matter because the United States had not waived its sovereign immunity against suit for alleged constitutional violations and alleged Fair Housing Act violations. *Zhu v. United States*, No. 04-1216, 2005 WL 1378914, at *3 (D.D.C June 9, 2005). Despite Ms. Zhu's numerous post-judgment pleadings, the fact remains that the United States has

---

[1] This memorandum opinion resolves and dismisses Plaintiff's Motion for Reconsideration of Memorandum Opinion & The Accompanying Order [Dkt. No. 19]; Plaintiff's Motion to Add or Amend Findings of Fact In Its Memorandum Opinion & In Its Order [Dkt. No. 20]; Plaintiff's Motion for Leave to File Preliminary Second Amended Complaint [Dkt. No. 21]; Plaintiff's Amended Memorandum In Support of Motion to Alter or Amend the Memorandum Opinion & the Order [Dkt. No. 24]; Plaintiff's Motion to File Second Amended Complaint [Dkt. No. 25]; and the Second Amended Complaint [Dkt. No. 25, Ex. 2].

not waived its sovereign immunity and her claims against it must therefore be dismissed.

## I. BACKGROUND

This lawsuit has its origins in a dispute between Ms. Zhu and a realty company and realtor in Topeka, Kansas. The underlying facts are detailed in the Court's original opinion and will not be restated fully here. *See Zhu v. United States*, 2005 WL 1378914, at *1- *2 . Suffice it to say that Ms. Zhu, proceeding *pro se* in Kansas as she is here, sued the realty company and realtor, alleging several housing-related discrimination claims. Pursuant to mediation before a federal Magistrate Judge, the parties reached a settlement, but Ms. Zhu refused to execute the settlement document. Upon the recommendation of the Magistrate Judge, the District Court ordered Ms. Zhu to execute the settlement or her case would be dismissed. When she continued to refuse to sign the document, the District Court dismissed her suit, an action that was sustained by the Tenth Circuit Court of Appeals. Ms. Zhu sued in this Court for alleged conspiracy to violate her civil rights under the Civil Rights Act of 1964, 42 U.S.C. § 2000a-2, and 42 U.S.C. §§ 1981-82.

Ms. Zhu now alleges that the Court erred in dismissing the matter because it has subject matter jurisdiction under Article 3, section 2, clause 1 of the United States Constitution and under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a). *See* Plaintiff's Motion for Reconsideration of Memorandum Opinion & The Accompanying Order ("Pl.'s Mot. for Reconsideration") at 1 [Dkt. No. 19]. Plaintiff's Motion to Amend asks the Court to add points to its opinion regarding her claims against the individual defendants.[2] Ms. Zhu also seeks leave to file

---

[2] Ms. Zhu initially named Magistrate Judge James P. O'Hara, District Court Judge Kathryn H. Vratil, Tenth Judicial Circuit Judges Robert H. Henry, Mary Beck Briscoe, and Stephanie K. Seymour, and Attorney General John Ashcroft as parties in their individual capacities, but has withdrawn all claims against these officials who, in any event, would have immunity from personal liability. *See* Plaintiff's Motion to Withdraw the Individual Defendants

a Second Amended Complaint to make the same factual allegations and to add alleged violations of the First, Fifth and Fourteenth Amendments of the United States Constitution (Count 1), and violations of the Fair Housing Act (Count 2).  For the following reasons, each of Ms. Zhu's pending motions will be denied.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) gives the Court discretion in ruling on a motion for reconsideration; however, "the reconsideration and amendment of a previous order is an extraordinary measure." *Zyko v. Dep't of Defense*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001).  A motion for reconsideration has a limited purpose.  It is not a tool to simply re-litigate issues that the Court has already decided. *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (citation omitted).  The movant must demonstrate some "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice." *Bryson v. Gere*, 268 F. Supp. 2d 46, 53 (D.D.C. 2003).  A motion for reconsideration will not be granted unless the moving party meets its burden of demonstrating "a meritorious claim or defense" to the motion upon which the Court originally dismissed the complaint. *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citing *Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)).

---

as Parties Because All of Them Are Sued in the Official Capacity ("Pl.'s Mot. To Withdraw") [Dkt. No. 10].

### III. ANALYSIS

Ms. Zhu asserts that the Court's June 9, 2005, Memorandum Opinion "should be changed/vacated to prevent clear error of law or prevent manifest injustice." Pl.'s Mot. for Reconsideration at 2. According to Ms. Zhu, the Constitution and the Tucker Act give the Court jurisdiction to hear her claims against the United States. Her argument is wholly without merit. Ms. Zhu confuses statutes that confer *jurisdiction* on the federal courts to hear certain claims with statutes that *waive* sovereign immunity. Neither the Constitution nor the Tucker Act waives the immunity of the United States. *See United States v. Testan*, 424 U.S. 392, 400 (1976) (noting that statutes, including the Tucker Act, that confer jurisdiction upon the federal courts do not waive sovereign immunity); *id.* at 401-02 ("the basis of the federal claim – whether it be the Constitution, a statute, or a regulation – does not create a cause of action for money damages" against the United States or its agencies). *See Zhu v. United States*, 2005 WL 1378914, at *4.

Ms. Zhu now alleges that the individual federal defendants were acting "beyond the scope of their authority" when they ruled against her and "denied her day in court." Pl.'s Mot. for Reconsideration at 4, 5. These allegations are directly contradicted by earlier statements in which Ms. Zhu acknowledged that all of the individual defendants were acting within the scope of their authority. *See* Amended Compl. ¶¶ 23, 42, 77, 87, 89, 97, 100, 102 and 106 [Dkt. No. 7]; *see also* Pl.'s Mot. to Withdraw at 1 (stating that the individual Defendants were acting "in their official capacities"). Ms. Zhu's change of position does not advance her cause. To hold the United States liable for the alleged wrongful acts of its officials and employees, a plaintiff must specifically demonstrate that the Government has waived its sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 693 (1949). Merely alleging that an official acted wrongfully "does

not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers, the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented." *Id.* Indeed, a judge acting within his or her judicial role is absolutely immune from liability even when the judge is accused of violating a party's constitutional rights, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967), or acting in excess of his or her authority, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Prosecutors also enjoy absolute immunity from liability for alleged constitutional torts when exercising the advocacy functions of their positions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Because the United States has not waived its sovereign immunity and the individual judicial defendants and former Attorney General Ashcroft are immune from suit, Ms. Zhu's Motion for Reconsideration will be denied and her Motion to File a Second Amended Complaint will similarly be denied, as it would be a futile gesture. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (noting that "a district court has discretion to deny a motion to amend on grounds of futility").

Ms. Zhu also alleges that the Court improperly decided disputed factual issues and drew unreasonable inferences in favor of the defendants. *See* Pl.'s Mot. for Reconsideration at 7. However, the Court based its facts on the allegations set forth in Ms. Zhu's own complaint and on the written decisions of the District Court in Kansas and Tenth Circuit Court of Appeals. Having received a final judgment on her claims in Kansas, Ms. Zhu cannot re-litigate them here. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating the issues that were or could have been raised in that action."). While Ms. Zhu's disagreement with the outcome of her Kansas suit is palpable,

it provides no basis for the Court to alter its findings. "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Whether the Court reviews Ms. Zhu's Motion for Reconsideration and her Motion to Add or Amend the Memorandum Opinion under Rule 59(e) or under Rule 60(b), she has failed to make the requisite showing to support such an extraordinary remedy. *See United States v. Pollard*, 290 F. Supp. 2d 153, 157 (D.D.C. 2003) (cite omitted) (noting that in order to prevail on a motion for reconsideration, a plaintiff must present a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust"). Ms. Zhu seeks to add that she never agreed to the terms of settlement. *See* Mem. Supporting Plaintiff's Motion to Add or Amend Findings of Fact at 1 [Dkt. No. 20]. She also wants to add a finding that she was denied her day in court because she refused to waive her rights. *Id.* at 2. She wants this Court to find that her claims were not fully adjudicated by the District Court in Kansas or by the Tenth Circuit Court of Appeals; that federal courts may not sanction a party for refusing to settle a case; and that her allegations support a claim on which relief against the United States can be granted. *See* Pl.'s Amended Mem. in Support of Mot. to Alter or Amend at 2- 4 [Dkt. No. 24]. These are not "facts." They are conclusory allegations of the consequences of the alleged facts. Accordingly, the Court declines to amend its June 9, 2005, Memorandum Opinion or Order.

`` 

## IV. CONCLUSION

For the foregoing reasons, all of Ms. Zhu's pending motions will be denied. Leave to file a second amended complaint will also be denied. A separate order accompanies this memorandum opinion.

Date: January 3, 2006.

/s/
ROSEMARY M. COLLYER
United States District Judge